CLERK'S OFFICE U.S. DIST. COURT
ROANOKE, VA
FILED

NOV 29 2012

JULIA ... CLERK
BY: 
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 7:08CR00023 |
| | ) | (CASE NO. 7:12CV80518) |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **COREY MCKINZIE HOWARD,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| **Defendant.** | ) | |

Corey McKinzie Howard, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Howard challenges the validity of his confinement pursuant to the judgment of this court entered July 6, 2009, whereby he was convicted of possession with intent to distribute crack cocaine and a related firearms offense. Upon consideration of the § 2255 motion and the record, the court concludes that the action must be summarily dismissed as untimely filed.[1]

# I

Howard was convicted pursuant to a written plea agreement entered on March 20, 2009. The court sentenced Howard on July 6, 2009, to 196 months in prison, which he is now serving. Howard did not appeal his conviction or sentence.[2]

In his § 2255 motion, Howard alleges that his trial attorney provided ineffective assistance during plea negotiations, and that he is entitled to relief under § 2255 under two

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

[2] In December 2011, Howard moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and a retroactive amendment to the crack cocaine sentencing guideline. (ECF No. 77.) By order entered March 22, 2012, the court denied Howard's motion, and his appeal of that order was unsuccessful. (ECF Nos. 79, 86-88.)

"landmark decision[s]" by the United States Supreme Court: Lafler v. Cooper, ___U.S.___, 132 S. Ct. 1376 (March 21, 2012) and Missouri v. Frye, ___U.S.___, 132 S. Ct. 1399 (March 21, 2012). Furthermore, Howard asserts that his § 2255 motion is timely filed under § 2255(f)(3), because he filed it within one year of the Lafler and Frye decisions.

The court filed the § 2255 motion conditionally, notified Howard that it appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or argument on the issue of timeliness. The court specifically advised the defendant that failure to provide such information would result in dismissal of the action as untimely.

Howard has responded with additional facts and argument on the issue of timeliness. However, after considering this additional material, the court concludes that the § 2255 motion must be dismissed as untimely.

## II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). If

2

the district court gives the defendant notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

As stated, judgment was entered against Howard on July 7, 2009. Because he did not appeal the judgment, his conviction became final on July 21, 2009, when his opportunity to appeal expired.[3] Howard then had until July 21, 2010, to file a timely § 2255 motion. Because Howard filed his § 2255 motion, at the earliest, on September 13, 2012,[4] his motion is untimely under § 2255(f)(1).

In his § 2255 motion, Howard argues that the court should calculate his one-year filing period under § 2255(f)(3), because he filed his § 2255 motion within one year of Lafler, 132 S. Ct. 1376 (holding that habeas corpus petitioner was prejudiced by counsel's deficient performance advising him to reject the plea agreement and go to trial) and Frye, 132 S. Ct. 1399 (holding that counsel was deficient in failing to communicate prosecutor's plea offer to defendant before offer expired). These decisions cannot trigger calculation of Howard's filing period under § 2255(f)(3), however, because they did not recognize any new rights for criminal defendants. Rather, in these decisions, the Supreme Court merely applied the well-established analysis in Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984) (requiring a petitioner to establish counsel's deficient performance and resulting prejudice to state a violation of the Sixth

---

[3] See Fed. R. App. P. 4(b)(1)(A) (former version); Fed. R. App. P. 26(a) (former version) (excluding weekend days and holidays from computation of time periods of 11 days or less).

[4] Generally, a prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. See Rule 3(d), Rules Governing § 2255 Proceedings; Houston v. Lack, 487 U.S. 266 (1988). Howard signed and dated his § 2255 motion on September 13, 2012, and the court received and docketed it on September 18, 2012.

Amendment), to the plea negotiation process.[5] See Frye, 132 S. Ct. at 1409 (noting that its discussion involved an "application of Strickland to the instances of an uncommunicated, lapsed plea"); Lafler, 132 S. Ct. at 1384 (noting that decision addressed the application of Strickland to alleged ineffective assistance that resulted in rejection of plea offer on charge(s) for which defendant was later convicted at trial). Therefore, the court concludes that Howard's § 2255 motion is not timely under § 2255(f)(3) and the case law he cites.

Howard fails to demonstrate any other reason that his § 2255 motion should not be dismissed as untimely under § 2255(f)(1). He does not allege facts on which he is entitled to calculation of his statutory filing period under any of the other subsections of § 2255(f). Nor does Howard present any ground on which he is entitled to equitable tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent him from filing a timely petition).

For the reasons stated, the court concludes that Howard's § 2255 motion must be dismissed as untimely filed. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 29th day of November, 2012.

/s/ Jim Conrad
Chief United States District Judge

---

[5] See In re Perez, 682 F.3d 930, 932 (11th Cir. May 25, 2012) ("[T]he Supreme Court's language in Lafler and Frye confirm that the cases are merely an application of the Sixth Amendment right to counsel, as defined in Strickland, to a specific factual context.").

4